IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYLAN B.,[1] ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 24 C 1202 |
|   v. ) | |
| ) | Magistrate Judge |
| FRANK BISIGNANO, ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Dylan B.'s claims for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On July 20, 2019, Plaintiff filed applications for SSI, alleging disability since January 1, 2012. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 3, 2021. On March 30, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. After the Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner, Plaintiff appealed to the District Court. This Court remanded the case.

On remand the ALJ held another hearing on September 19, 2023. Plaintiff appeared telephonically and was represented by counsel. Vocational Expert ("VE") Jacqueline Bethell also testified at the hearing. The ALJ again denied Plaintiff's claim on December 6, 2023. The Social Security Administration Appeals Council again denied Plaintiff's request for review, and Plaintiff again appealed to the District Court.

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his application date of July 20, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: autism

spectrum disorder, mood disorder, generalized anxiety disorder, major depressive disorder, and diabetes. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following additional limitations: must avoid unprotected heights; cannot operate a motor vehicle; can perform simple, routine tasks at a consistent pace throughout the workday, but cannot perform production rate pace work, such as assembly line work; can have occasional interaction with supervisors and coworkers, incidental to work being performed, but no group or team-based activities; can have no interaction with the general public; and can respond appropriately to occasional, infrequent changes in a routine work setting.

At step four, the ALJ concluded that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

3

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps one through four. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." Morales v. O'Malley, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000);

4

*Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further

5

that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that the ALJ: (1) failed properly to assess Plaintiff's work-related functional deficits; (2) failed to support her finding that Plaintiff's statements were

not entirely consistent with the evidence; and (3) failed to support her rejection of the opinions of two treating therapists.

In advancing his third argument, Plaintiff explains that the ALJ found the opinion of treating therapist Tenille Bell unpersuasive in part because Ms. Bell's finding that Plaintiff could not cope with work-related stressors such as productivity, time restraints, and communicating with supervisors was "not consistent with the majority of [Ms. Bell's] treatment notes as she only observed impaired thought process or content, perception, and insight on three occasions in November 2020." (Pl.'s Br. at 14 (citing R. 407).) But, as Plaintiff notes, in between October 2020 and February 2021, Bell found depressed mood, blocked thought process, poor perception, impaired judgment, and impaired insight during at least three other examinations and all of the above except poor perception on at least two other occasions. (*Id.* (citing R. 354, 356, 370, 382).) Plaintiff contends that this constitutes impermissible cherry-picking. Perhaps. Or perhaps the ALJ merely overlooked these other findings by Ms. Bell. Regardless of whether the ALJ's failure to consider this evidence was intentional or not, an ALJ may not "discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron*, 19 F.3d at 333. Thus, substantial evidence does not support the ALJ's finding that Ms. Bell's medical opinion was not consistent her own treatment notes. As such, this case must be remanded for further consideration.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The

7

Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of Plaintiff's work-related functional deficits are assessed properly; (2) any findings regarding whether Plaintiff's statements are consistent with the evidence are supported properly; and (3) any rejection of the opinion of any treating therapist is supported properly.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:    June 6, 2025**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

8